IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00021-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL ROY WOOD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for clarification. [Doc. 33].

The Defendant was sentenced on January 29, 2009 to a term of 180 months' imprisonment.[1] [Doc. 19]. The Defendant contends that since being sentenced, he was sentenced in a state case that was to run concurrently with his federal sentence. The Defendant remains in state custody and seeks clarification as to the status of his federal sentence.

The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit

---

[1] The Defendant was sentenced by the Honorable Lacy H. Thornburg. Upon Judge Thornburg's retirement, this matter was assigned to the undersigned.

must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once the BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for clarification [Doc. 33, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge