# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:08-cr-00021-MR

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **MICHAEL ROY WOOD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Clarify Sentence Structure [Doc. 35].

The Defendant was sentenced by this Court on January 29, 2009 to a term of 180 months' imprisonment.[1] [Doc. 19]. The Defendant contends that subsequent to being sentenced by this Court, he was sentenced in both a state case in Florida and a federal case in Georgia, and that both of these subsequent sentences were intended to run concurrently with the sentence imposed by this Court. The Defendant remains in state custody and seeks

---

[1] The Defendant was sentenced by the Honorable Lacy H. Thornburg. Upon Judge Thornburg's retirement, this matter was assigned to the undersigned.

clarification as to the status of the sentence imposed by this Court. The Defendant also seeks credit for time served prior to his conviction. [Doc. 35].

The Attorney General, not the sentencing court, is responsible for computing a prisoner's sentence credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once the BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Clarify Sentence Structure [Doc. 35] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: November 3, 2015

Martin Reidinger
United States District Judge