# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00021-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL ROY WOOD, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion For Non-Binding Recommendation to Bureau of Prisons [Doc. 37].

In 2007, the Defendant committed a series of robberies in North Carolina, Georgia, and Florida. [Doc. 37-2 at 4]. On October 15, 2007, the Defendant was taken into custody by the Pinellas County Florida Sheriff's Office. On February 29, 2008, Pinellas County temporarily released the Defendant into federal custody, pursuant to a *writ of habeas corpus ad prosequendum*, to face robbery charges in this Court. [Id.]. Upon pleading guilty, the Defendant was sentenced by this Court[1] to a term of 180 months'

---

[1] The Defendant was sentenced by the Honorable Lacy H. Thornburg. Upon Judge Thornburg's retirement, this matter was assigned to the undersigned.

imprisonment, after which he was returned to Florida state custody. [Id. at 4-5]. On June 2, 2010, in the Circuit Court of Pinellas County Florida, the Defendant was convicted of two counts of robbery and sentenced to 240 months' imprisonment, "concurrent to the federal sentence currently serving." [Doc. 37-2 at 5]. On June 17, 2010, the Defendant began serving his Pinellas County sentence in the Florida Department of Corrections. [Id.].

On August 2, 2010, the Defendant was temporarily released into federal custody again, this time to face federal robbery charges in the United States District Court for the Southern District of Georgia. That court sentenced the Defendant to 180 months' imprisonment followed by 3 years of supervised release to "be served partially concurrent with the sentences imposed in the Circuit Court of Pinellas County, Florida . . . and the United States District Court for the Western District of North Carolina . . . ." [Id. at 5-6]. After sentencing, the Defendant was returned to the custody of the Florida Department of Corrections. [Id.].

The Defendant has since learned that this Court's sentence has not yet begun, and will not begin until after he is taken into custody by the Bureau of Prisons ("BOP") following the completion of his Florida state sentence. [See id. at 9]. In the instant Motion, Defendant asks this Court to make a non-binding recommendation to the BOP that it designate the Florida

imprisonment, after which he was returned to Florida state custody. [Id. at 4-5]. On June 2, 2010, in the Circuit Court of Pinellas County Florida, the Defendant was convicted of two counts of robbery and sentenced to 240 months' imprisonment, "concurrent to the federal sentence currently serving." [Doc. 37-2 at 5]. On June 17, 2010, the Defendant began serving his Pinellas County sentence in the Florida Department of Corrections. [Id.].

On August 2, 2010, the Defendant was temporarily released into federal custody again, this time to face federal robbery charges in the United States District Court for the Southern District of Georgia. That court sentenced the Defendant to 180 months' imprisonment followed by 3 years of supervised release to "be served partially concurrent with the sentences imposed in the Circuit Court of Pinellas County, Florida . . . and the United States District Court for the Western District of North Carolina . . . ." [Id. at 5-6]. After sentencing, the Defendant was returned to the custody of the Florida Department of Corrections. [Id.].

The Defendant has since learned that this Court's sentence has not yet begun, and will not begin until after he is taken into custody by the Bureau of Prisons ("BOP") following the completion of his Florida state sentence. [See id. at 9]. In the instant Motion, Defendant asks this Court to make a non-binding recommendation to the BOP that it designate the Florida

Department of Corrections as his place of confinement for this Court's sentence, *nunc pro tunc*, as of the date of sentencing. [Doc. 37]. The Defendant asserts that Judge Thornburg did not intend for his North Carolina sentence to be totally consecutive to the Florida and Georgia sentences.

The Defendant appears to conflate two distinct issues: (1) whether Judge Thornburg intended the sentences to run concurrently and (2) whether this Court will recommend that the Florida Department of Corrections should be designated as a suitable location for the Defendant to serve (or to have served) his sentence as imposed by Judge Thornburg.

As for whether Judge Thornburg intended the sentences to be served consecutively or concurrently, there is nothing in the record to indicate such intent, one way or the other. As such, any such attempt to glean Judge Thornburg's intent from the record would be pure conjecture. At the time Judge Thornburg imposed the sentence at issue, he had no authority to make the sentence consecutive or concurrent to an as-yet-unimposed state sentence. United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006).[2]

As for whether the Florida Department of Corrections is a suitable location for the Defendant to serve his federal sentence, 18 U.S.C. § 3621(b)

---

[2] The law has since changed. See United States v. Obey, 790 F.3d 545, 549 (4th Cir. 2015). This change, however, does not serve to allow this Court to now retroactively make the sentences concurrent.

provides the factors by which the *Bureau of Prisons* may determine whether a state correctional facility is suitable. The Defendant has provided nothing by which this Court could make a determination regarding the suitability of the Florida Department of Corrections facilities that would be anything more than a pure guess.

For these reasons, the Court can state that when Judge Thornburg imposed sentence in this case he understood that he could not order the sentence to be concurrent to any as-yet-unimposed state sentence. Further, the Court states no opposition to the Bureau of Prisons declaring the Florida Department of Corrections facility to be a suitable location for the Defendant to serve his federal sentence; however, the Court declines to make such a recommendation because the Court has no basis on which to make a recommendation.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Non-Binding Recommendation to Bureau of Prisons [Doc. 37] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 9, 2016

Martin Reidinger
United States District Judge