[THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00021-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL ROY WOOD, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. 42].[1]

## I. BACKGROUND

In 2007, the Defendant Michael Roy Wood committed a series of robberies in North Carolina, Georgia, and Florida. [Doc. 37-2 at 4]. On October 15, 2007, the Defendant was taken into custody by the Pinellas County Florida Sheriff's Office. On February 29, 2008, Pinellas County temporarily released the Defendant into federal custody, pursuant to a writ

---

[1] The Defendant is advised that he must seek relief from the Court by way of a motion; in the future, letters and other miscellaneous documents will not receive a response and may be stricken.

of *habeas corpus ad prosequendum*, to face robbery charges in this Court. [Id.]. Upon pleading guilty, the Defendant was sentenced by this Court[2] to a term of 180 months' imprisonment, after which he was returned to Florida state custody. [Id. at 4-5]. On June 2, 2010, in the Circuit Court of Pinellas County Florida, the Defendant was convicted of two counts of robbery and sentenced to 240 months' imprisonment, "concurrent to the federal sentence currently serving." [Doc. 37-2 at 5]. On June 17, 2010, the Defendant began serving his Pinellas County sentence in the Florida Department of Corrections. [Id.].

On August 2, 2010, the Defendant was temporarily released into federal custody again, this time to face federal robbery charges in the United States District Court for the Southern District of Georgia. That court sentenced the Defendant to 180 months' imprisonment followed by three years of supervised release to "be served partially concurrent with the sentences imposed in the Circuit Court of Pinellas County, Florida . . . and the United States District Court for the Western District of North Carolina ...." [Id. at 5-6]. After sentencing, the Defendant was returned to the custody of the Florida Department of Corrections. [Id.].

---

[2] The Defendant was sentenced by the Honorable Lacy H. Thornburg. Upon Judge Thornburg's retirement, this matter was assigned to the undersigned.

Upon completion of his state sentence, the Defendant was transferred to the custody of the Bureau of Prisons. He began serving his federal sentence on October 7, 2024. He is currently incarcerated at USP Pollock, and his projected release date is November 18, 2041.³

The Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 42]. For grounds, the Defendant cites "the conditions of [his] confinement for 20 yrs" and his efforts at rehabilitation while incarcerated. [See id. at 8] (errors uncorrected).

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant does not indicate in his motion whether he has exhausted his administrative rights with the BOP. Nevertheless, the

---

³See https://www.bop.gov.mobile/find_inmate/byname.jsp#inmate_results (last visited Oct. 29, 2025).

Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. The Sentencing Commission amended § 1B1.13 effective November 1, 2023, to address the amendment to § 3582(c)(1)(A) authorizing courts to grant a motion for a sentence reduction based on a defendant's own motion. The amended policy statement also sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the

4

defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody; (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6). With respect to rehabilitation, the policy statement states that a defendant's rehabilitation, by itself, is not an extraordinary and compelling reason for compassionate release, but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

Here, the Defendant cites "the conditions of [his] confinement" as grounds for his compassionate release request. Specifically, he argues that

because he is subject to a state detainer, he is being held in maximum security prisons, with few job or educational opportunities. [Doc. 42 at 5-6]. He further states that he is currently in protective custody after being assaulted for refusing to attack another inmate. [Id. at 9]. While the conditions that the Defendant describes are undoubtedly difficult, the Court does not find that they rise to the level of extraordinary and compelling reasons to justify his early release.

The Defendant also cites his efforts at rehabilitation, including obtaining his GED, completing various educational courses, and participating in prison ministries. [Id. at 6-7; Doc. 42-2]. However, the BOP reports that he has been cited for refusing a work/program assignment on two occasions in September 2025. While the Defendant's adjustment to federal prison overall has been good, his conduct is not by any means exceptional and does not by itself constitute extraordinary and compelling reasons for a reduction of his sentence. See U.S.S.C. § 1B1.13(d).

Even if these circumstances constituted an extraordinary and compelling reason, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

6

Here, the Defendant's offense conduct was extremely serious. He engaged in a multi-state robbery spree, resulting in multiple convictions in North Carolina, Georgia, and Florida. In the North Carolina bank robbery, which is the basis for the present conviction, the Defendant presented a threatening note to the bank teller which indicated that the Defendant had a gun [Doc. 17: PSR at ¶ 19]. He has only started serving the sentence for this conviction, having been released from state custody in October 2024. Additionally, the Defendant has a serious criminal history, with multiple convictions for burglary, as well as a conviction for escape, which resulted in him being designated as a career offender. [Id. at ¶ 24]. He committed the present offense while he was on probation and less than two years following his release from custody. [Id. at ¶ 36]. Based on the Defendant's history and characteristics and the need to protect the public from further crimes, the need to provide just punishment, and the need to deter Defendant and others from engaging in similar criminal activity, the Court concludes that the sentence of 180 months in prison that he received for the present conviction is sufficient but not greater than necessary to accomplish the § 3553(a) sentencing objectives.

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence

reduction under § 3582(c)(A)(1)(i) and the § 3553(a) factors weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

**IT IS, THEREFORE, ORDERED** the Defendant's letter, which the Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), [Doc. 42], is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 13, 2025

Martin Reidinger
Chief United States District Judge

8

Case 1:08-cr-00021-MR   Document 43   Filed 11/14/25   Page 8 of 8